# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STETSON PETROLEUM CORP., | § | |
| EXCELSIOR RESOURCES, LTD., R&R | § | |
| ROYALTY, LTD. | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-43 |
| | § | Judge Mazzant |
| TRIDENT STEEL CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Third-Party Defendant Tubular Services, LLC's Motion for Summary Judgment (Dkt. #106). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff Stetson Petroleum Corporation ("Stetson") is the operator of the Coley 35-6 #1 ST well (the "Well") in Conecuh County, Alabama (Dkt. #115 at p. 2). Stetson acts as the agent for the sole working interest owners in the Coley 35-6 #1 ST well for Plaintiff Excelsior Resources, Ltd. ("Excelsior"), and R&R Royalty, Ltd. ("R&R Royalty, Ltd.," or collectively with Stetson and Excelsior, "Plaintiffs") (Dkt. #115 at p. 2). Stetson purchased a string of 5.5', 17# (.304 wall), and 20# (.361 wall), L-80, LT & C, API 5CT casing from Defendant Trident Steel Corporation ("Trident"), for use in the Coley 35-6 #1 ST well (Dkt. #115 at p. 2). The casing that Trident sold to Stetson was purchased from CMC Cometals Steel, A Division of CMC ("CMC"), a distributor of AJU Besteel Co., Ltd. ("AJU," or collectively with CMC, "AJU/CMC") (Dkt. #115 at p. 2).

On or about August 28 and 29, 2013, the casing was run into the wellbore (Dkt. #115 at p. 3). During the final positioning of the casing by Energy Drilling Company ("Energy

1

Drilling"), a piece of the casing jumped out as a result of a connection failure (Dkt. 4 at ¶ 8; Dkt. #115 at p. 3).

On January 21, 2014, Plaintiffs filed a lawsuit against Trident in this Court alleging claims for (1) breach of contract, (2) breach of warranty, (3) negligence, and (4) deceptive trade practices (Dkt. #1). On March 28, 2014, Plaintiffs filed their First Amended Complaint (Dkt. #4).

On May 22, 2014, Trident filed its Third-Party Complaint against AJB, AJU Besteel USA, Inc. ("AJU") and CMC, alleging claims of (1) contribution and indemnity, (2) declaratory judgment, (3) breach of contract, and (4) breach of warranty (Dkt. #10). On August 28, 2014, Stetson filed its cross-claims against CMC and AJB, alleging claims of (1) breach of warranty, (2) negligence, and (3) deceptive trade practices (Dkt. #30).

On March 13, 2015, AJB filed its Third-Party Complaint against Energy Drilling and Tubular alleging, in part, that "[Tubular] improperly performed threading work on the casing" (Dkt. #115 at p. 4; *see* Dkt. #75 at ¶ 23). On April 24, 2015, CMC filed its Third-Party Complaint against Energy Drilling and Tubular Services, alleging similar contentions as AJU's Third Party Complaint (Dkt. #86).[1]

On July 14, 2015, Tubular filed its motion for summary judgment (Dkt. #106). On July 31, 2015, AJB/CMC filed their response (Dkt. #115). On August 7, 2015, Tubular filed its reply (Dkt. #122).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[1] On October 30, 2015, Energy Drilling was dismissed with prejudice by AJB/CMC (Dkt. #156).

"[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. Unit B 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United*

*States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiffs argue that the casing manufactured and sold by AJB/CMC was defective, and have identified experts in metallurgy and other fields to offer opinions to support their claims (Dkt. #106 at p. 6). AJB/CMC claim that Tubular's "upsetting and/or threading work was defective" and that a portion of Plaintiffs' damages were "proximately caused by [Tubular's] negligent acts and/or omissions." (Dkt. #75; Dkt. #86).

Sitting in diversity, the Court is guided by Texas law on the question of causation. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). Under Texas law, "[l]ay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 555 (N.D. Tex. 2005) (quoting *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)). The Texas Supreme Court has stated,

> "Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman." *Roark v. Allen*, 663 S.W.2d 804, 809 (Tex. 1982) (holding that diagnosis of skill fractures is not within the experience of the layman); *see also Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 738 (Tex. App.—Amarillo 1999, pet. denied) (holding that inspection and repair of an aircraft engine are not within the experience of the layman); *Hager v. Romines*, 913 S.W.2d 733, 734-35 (Tex. App.—Fort Worth 1995, no writ) (holding that operation of an aircraft and aerial application of herbicide are not within the experience of the layman.)."

*Qualls*, 226 F.R.D. at 555. Therefore, "[i]n determining whether expert testimony is necessary to establish negligence, Texas courts have considered whether the conduct at issue involves the use

of specialized equipment and techniques unfamiliar to the ordinary person." *Id.*; *see Hager*, 913 S.W.2d at 735. The Parties agree that the determination of the cause of the alleged casing failure is not within the experience of the layman, and therefore, expert testimony is required (Dkt. #106 at p. 7; Dkt. #115 at p. 6).

Tubular asserts that summary judgment is appropriate because AJB/CMC "have not disclosed an opinion from any expert that Tubular's threading operations on the casing at issue caused the alleged failure[.]" (Dkt. #106 at pp. 7-8). Tubular also alleges that summary judgment is appropriate because "[t]here is no competent evidence to controvert [their expert] Dr. Baron's expert opinion that Tubular's threading operations did not cause the alleged failure of the casing (Dkt. #106 at p. 9).

However, AJB/CMC assert that there is competent expert testimony that implicates Tubular's operations as causing or contributing to the casing failure (Dkt. #115 at p. 7). For instance, AJB/CMC allege that AJB's expert report by Dr. L. Brun Hilbert ("Hilbert") and Dr. Larry Eiselstein ("Eiselstein") (the "Exponent Report") states that "it cannot be concluded from the TH Hill and Element examinations and report that the incident threads met the thread dimensions in API Specification 5B." (Dkt. #115 at p. 7; Dkt. #115, Exhibit 3, at p. 5). Additionally, Stetson's Prelitigation Report states, "[t]he presence of small areas of transverse scoring on some thread crests indicated that the pin had been assembled with a misaligned coupling, resulting in apparent cross-threading." (Dkt. #115 at p. 7).

After a careful review of the record and the arguments presented, the Court is not convinced that Tubular has met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law. The case should proceed to trial.

**CONCLUSION**

It is therefore **ORDERED** that Third-Party Defendant Tubular Services, LLC's Motion

for Summary Judgment (Dkt. #106) is hereby **DENIED.**

    **SIGNED this 4th day of November, 2015.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE